IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANGELO TRUITT,<br>      Petitioner, | Civil Action No. 14-cv-216 Erie |
| v. | District Judge Barbara Rothstein<br>Magistrate Judge Susan Paradise Baxter |
| BOBBY MEEKS,<br>      Respondent. | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I.    RECOMMENDATION

It is respectfully recommended that the petition for a writ of habeas corpus filed by Petitioner, Angelo Truitt, be denied.

### II.    REPORT

In his petition for a writ of habeas corpus [ECF No. 4], which he filed pursuant to 28 U.S.C. § 2241, Petitioner contends that the Bureau of Prisons (the "Bureau" or the "BOP"), which is the agency responsible for implementing and applying federal law concerning the computation of federal sentences, United States v. Wilson, 503 U.S. 329 (1992), erred in computing his federal sentence.

    **A.**    **Relevant Background**

On May 29, 2007, Petitioner was arrested by non-federal authorities and charged with the state offense of Possession of a Controlled Substance (Cocaine), in Bernalillo County, New Mexico, Case Number CR 08-00741(Albuquerque, NM) (hereinafter "**State Criminal Case 1**"). (Resp's Ex. 1, Declaration of Cynthia Bell, ¶ 5(a)). He was released on bond on May 31, 2007. (Resp's Ex. 1c).

1

On June 13, 2007, Petitioner was arrested by non-federal authorities and charged with the state offense of Receiving or Transferring a Stolen Vehicle (Possession), in Bernalillo County, New Mexico, Case Number CR 07-02963 (Albuquerque, NM) (hereinafter "**State Criminal Case 2**"). (Resp's Ex. 1, Bell Decl., ¶ 5(b)). He was released on bond approximately four months later, on October 17, 2007. (Resp's Ex. 1c).

On August 12, 2008, Petitioner was arrested once again by non-federal authorities in Albuquerque, New Mexico, and charged with Possession of a Firearm or Destructive Device by a Felon, Battery Upon a Peace Officer, Resisting, Evading or Obstructing an Officer, and Driving a Motor Vehicle with an Expired Registration Plate, Case Number CR 08-4121 (Albuquerque, NM) (hereinafter "**State Criminal Case 3**"). (Resp's Ex. 1, Bell Decl., ¶ 5(c)). He was released on bond shortly thereafter. (Resp's Ex. 1d at 2-3).

On September 2, 2008, a bench warrant was issued in **State Criminal Case 2** due to Petitioner's failure to appear for a motion hearing. Eight days later, on September 10, 2008, a bench warrant was issued in **State Criminal Case 1** for the same reason. Then, on September 22, 2008, a bench warrant was issued in **State Criminal Case 3** due to Petitioner's failure to appear for arraignment. On around November 3, 2008,[1] the Albuquerque Police Department arrested Petitioner on these outstanding non-federal bench warrants. (Resp's Ex. 1, Bell Decl., ¶¶ 7(g)-(j); Resp's Ex. 1d at 2; Resp's Ex. 1c; Resp's Ex. 1e at 3).

On December 18, 2008, a federal criminal indictment was issued in the United States District Court for the District of New Mexico, charging Petitioner with violating 18 U.S.C. § 922(g)(1) for all criminal conduct that was associated with **State Criminal Case 3**. (Resp's Ex. 1, Bell Decl., ¶ 7(k)).

---

[1] As Respondent points out in the answer, the information contained in the case details for **State Criminal Cases 2 and 3** (Resp's Ex. 1d) reflects that Petitioner was arrested on November 4, 2008, while the information from the National Crime Information Center (Resp's Ex. 1c) reflects that he was arrested on November 3, 2008. This discrepancy does not affect his federal sentence computation. (Resp's Ex. 1, Bell Decl., ¶ 7(j) n.1).

Because local/state authorities had arrested Petitioner first, he was in the "primary custody" (sometimes referred to as "primary jurisdiction") of the State of New Mexico. The "primary custody" doctrine developed to provide different sovereigns (in this case the state and the federal governments) with an orderly method by which to prosecute and incarcerate an individual who has violated each sovereign's laws. Ponzi v. Fessenden, 258 U.S. 254 (1922). See, e.g., Bowman v. Wilson, 672 F.2d 1145, 1153-54 (3d Cir. 1982); George v. Longley, 463 F.App'x 136, 138 n.4 (3d Cir. 2012) (per curiam); Elwell v. Fisher, 716 F.3d 477 (8th Cir. 2013). In relevant part, the doctrine provides that the sovereign that first arrests an individual has primary custody over him. That sovereign's claim over the individual has priority over all other sovereigns that subsequently arrest him. The sovereign with primary custody is entitled to have the individual serve a sentence it imposes before he serves a sentence imposed by any other jurisdiction, regardless of the chronological order of sentence imposition. See, e.g., Bowman, 672 F.2d at 1153-54. Primary custody remains vested in the sovereign that first arrests the individual until its sentence expires and it releases the inmate, or until it relinquishes its priority through some other act, such as granting bail, dismissing the charges, or releasing the individual on parole. George, 463 F.App'x at 138 n.4.

On January 29, 2009, all state criminal charges connected with **State Criminal Case 3** were *nolle prossed* because the criminal conduct was adopted for federal prosecution. (Resp's Ex. 1, Bell Decl., ¶ 7(l)). On May 4, 2009, the Petitioner pleaded guilty in state court in **State Criminal Case 2**. The state court imposed a sentence of one year plus four years under the Habitual Offender Act, one year suspended, followed by a mandatory one year parole term and a concurrent 18-month term of probation, to run concurrently with the term imposed in **State Criminal Case 1** *and the anticipated federal sentence*. The state court also ordered that Petitioner receive 425 days of state pre-sentence credit. (Resp's Ex. 1, Bell Decl., ¶¶ 5(b), 7(m); Resp's Ex. 1c; Resp's Ex. 1e at 2).

3

On July 15, 2009, Petitioner pleaded guilty in state court in **State Criminal Case 1**. The state court sentenced him to a term of 18 months' imprisonment plus four years under the Habitual Offender Act with 18 months suspended, followed by one year of state parole. This sentence was ordered to run concurrently with the state sentence that was imposed in **State Criminal Case 2**. The state court also ordered that Petitioner receive 425 days of state pre-sentence credit. (Resp's Ex. 1, Bell Decl., ¶¶ 5(a), 7(n); Resp's Ex. 1c; Resp's Ex. 1f at 1).

On July 30, 2009, the United States District Court for the District of New Mexico issued a writ of habeas corpus ad prosequendum in federal Criminal Case Number 08-CR-2970 (D.N.M.) and on September 14, 2009, the federal authorities obtained temporary physical custody of him pursuant to that writ. (Resp's Ex. 1, Bell Decl., ¶¶ 7(o)-(p)). Importantly, however, the State of New Mexico maintained primary custody over him. That is because a prisoner detained pursuant to a writ of habeas corpus ad prosequendum remains in the primary custody of the sending sovereign unless and until it relinquishes jurisdiction over him. See, e.g., Ruggiano v. Reish, 307 F.3d 121, 125 n.1 (3d Cir. 2002), superseded on other grounds by U.S.S.G. § 5G1.3(c) app. note 3(E) (2003). See also Elwell, 716 F.3d at 482 ("When the United States obtained physical custody of Elwell based upon the writ of habeas corpus ad prosequendum, the transfer of physical control over Elwell's custody from Iowa to the United States did not terminate Iowa's primary jurisdiction.") The receiving sovereign – in this case, the federal government – is considered simply to be "borrowing" the prisoner from the sending sovereign for the purposes of indicting, arraigning, trying, and/or sentencing him. Id.

Petitioner pleaded guilty in federal court to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). On March 8, 2010, the court sentenced him to a 77-month term of imprisonment with a three-year term of supervised release to follow. When the court imposed Petitioner's sentence, it was silent as to whether it intended the federal sentence to run concurrently with

4

any other sentence to which Petitioner was subject. The Statement of Reasons that was completed upon imposition of the federal sentence reflects no intent by the federal court to downwardly depart from the applicable sentencing guidelines ranges or to otherwise adjust Petitioner's federal sentence to account or credit him for time served against any undischarged state sentences under United States Sentencing Guideline, Section 5G1.3. (Resp's Ex. 1, Bell Decl., ¶ 7(r); Resp's Ex. 1k). Shortly thereafter, on March 29, 2010, federal authorities returned Petitioner to state authorities in satisfaction of writ of habeas corpus ad prosequendum. (Resp's Ex. 1, Bell Decl., ¶ 7(s)).

On or around February 18, 2011, state authorities paroled Petitioner and released him to federal authorities pursuant to a federal detainer. (Resp's Ex. 1, Bell Decl., ¶ 7(t)). Pursuant to 18 U.S.C. § 3584(a), the BOP calculated Petitioner's federal sentence as consecutive to his state sentences. This means that it has refused to give him a retroactive concurrent designation (discussed below), which would have allowed the state prison to be the place where he began service of his federal sentence. Pursuant to 18 U.S.C. § 3585(a), the BOP has calculated Petitioner's federal sentence to have commenced on the day the State of New Mexico released him to the federal detainer (February 18, 2011). The BOP also has determined that Petitioner is not entitled to any prior custody credit (which could also be described as pre-sentence commencement credit) pursuant to 18 U.S.C. § 3585(b). (Resp's Ex. 1, Bell Decl., ¶¶ 8-15).

In his petition for a writ of habeas corpus, which he filed with this Court pursuant to 28 U.S.C. § 2241, Petitioner contends that he is entitled to additional credit against his federal sentence. In the answer [ECF No. 8], Respondent asserts that the BOP properly calculated Petitioner's federal sentence and that the petition should be denied. In his reply [ECF No. 11], Petitioner argues that he should receive at least an extra 6 months of federal sentencing credit to account for the time he was in physical custody of the federal authorities pursuant to the writ of habeas corpus ad prosequendum for the

5

purposes of his federal trial (from September 14, 2009 until March 2010). In the alternative, he contends he is entitled to even more credit – approximately 27 months – for the time he served since his arrest by state/local authorities (November 3, 2008) until the time the state released him on parole to federal authorities (February 18, 2011).

### B. Subject Matter Jurisdiction

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]" Cardona v. Bledsoe, 681 F.3d 533, 535 (3d Cir. 2012) (quoting Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994)). 28 U.S.C. § 2241 "confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence," McGee v. Martinez, 627 F.3d 933, 935 (3d Cir. 2010), such as, for example, the way in which the BOP is computing his sentence. See, e.g., Barden v. Keohane, 921 F.2d 476, 478-79 (3d Cir. 1990). Such petitions are filed in the federal court of the judicial district where the federal prisoner is incarcerated. Thus, this Court has jurisdiction under § 2241 to consider Petitioner's claim that the BOP has erred in computing his sentence.

### C. Discussion

A federal habeas court may only extend a writ of habeas corpus to a federal inmate if he demonstrates that "[h]e is in custody in violation of the Constitution or laws of the United States[.]" 28 U.S.C. § 2241(c)(3). The following statutes are relevant to the evaluation of the petition: 18 U.S.C. § 3584(a), which governs a federal sentencing court's authority to order that a federal sentence be served concurrently with a state sentence; 18 U.S.C. § 3585(a), which governs the date upon which a federal sentence commences; and 18 U.S.C. § 3585(b), which governs the amount of prior custody credit that an inmate may receive. The BOP's policies regarding sentence computation are set forth in Program

6

Statement 5880.28, Sentence Computation Manual ("PS 5880.28"). Also relevant to this case is Program Statement 5160.05, Designation of State Institution for Service of Federal Sentence ("PS 5160.05"). The BOP policies at issue in this case are not published in any federal regulation, and thus are not subject to public notice and comment before adoption. Although they are not entitled to the deference described in Chevron U.S.A. v. National Resources Defense Council, 467 U.S. 837 (1984), they are entitled to "some deference" from this Court so long as they set forth "a permissible construction of" the statutes at issue. Blood v. Bledsoe, 648 F.3d 203, 207-08 (3d Cir. 2011) (per curiam) (citing Reno v. Koray, 515 U.S. 50, 61 (1995)), cert. denied, 132 S.Ct. 1068 (2012).

### 1. The determination of whether a federal sentence is concurrent with, or consecutive to, a state sentence

### (a) Statutory and policy background

In determining whether Petitioner is entitled to any habeas relief, the Court must first examine whether the BOP violated federal law in computing his federal sentence as consecutive to his state sentences. 18 U.S.C. § 3584(a) provides, in relevant part:

> [I]f a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively.… *Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently.*

(Emphasis added). See also Sester v. United States, — U.S. — , 132 S.Ct. 1463 (2013) (§ 3584(a) authorizes federal sentencing courts to direct sentences to run concurrently or consecutively with other sentences, whether such sentences are imposed or have yet to be imposed).

In applying § 3584(a), the BOP presumes that federal and state sentences are to be served consecutively unless the federal sentencing court orders that the sentences are to be served concurrently. (Resp's Ex. 1, Bell Decl., ¶¶ 10-11). See PS 5880.28, Chapt. 1, Pages 31-33; PS 5160.05, Pages 2-7. In

7

this case, the federal district court that imposed Petitioner's sentence did not order that his federal sentence was to be served concurrent with his state sentences. Therefore, although the state court directed that the term of imprisonment that it imposed in **State Criminal Case 2** was to run concurrently with the Petitioner's yet-to-be imposed federal sentence, the BOP did not consider his federal sentence to run concurrent with his state sentence *because the federal district court had not so ordered*. (Resp's Ex. 1, Bell Decl., ¶ 11).

Because the state court had ordered that Petitioner serve his state sentence concurrently with his federal sentence, the BOP considered whether it should exercise its discretion and grant Petitioner a retroactive concurrent designation. In Barden v. Keohane, 921 F.2d 476 (3d Cir. 1990), the United States Court of Appeals for the Third Circuit recognized that 18 U.S.C. § 3621(b) gives the BOP wide discretion in choosing a prisoner's place of confinement, including the authority to designate a state prison as a place of confinement for service of a federal sentence. See PS 5160.05, Pages 5-7. The court in Barden discussed the BOP's authority to effectuate the service of concurrent federal and state sentences in circumstances when the intent of the federal sentencing court or the goals of the criminal justice system would make the exercise of that authority appropriate. See also PS 5160.05, Pages 5-7. The inmate is permitted to request that the BOP retroactively designate the state institution as the correctional institution where he began service of his federal sentence pursuant to its authority under 18 U.S.C. § 3621(b), which in effect amounts to the imposition of a retroactive concurrent federal sentence. Barden, 921 F.2d at 478-83; PS 5160.05, Pages 5-7.

Under Barden and BOP policy set forth in PS 5160.05, the following conditions must be present in order for an inmate to be eligible for consideration by the Bureau of Prisons for a retroactive concurrent designation: (1) the inmate must be in state or non-federal custody at the time the federal sentence is imposed; (2) the inmate must be subject to a non-federal sentence as well as a federal

sentence; *(3) the federal sentence must be imposed before imposition of the non-federal sentence*; and (4) the federal sentencing court must be silent with respect to the relationship (concurrent or consecutive) of the federal sentence with the non-federal sentence. (Resp's Ex. 1, Bell Decl., ¶ 12). See also PS 5160.05, Pages 2-3 ("Federal judges have the authority to order a federal term of imprisonment to run consecutively with any other sentence. When there is a previously imposed sentence (federal or non-federal) in existence at the time of federal sentencing, and the federal judge does not state whether multiple terms of imprisonment are to run consecutively to or concurrently with one another, the sentences run consecutively (see 18 U.S.C. § 3584)."). Although the BOP must consider an inmate's request for concurrent service of sentences, it is not obligated to grant the request. Barden, 921 F.2d at 478 n.4 ("We recognize that neither the federal courts nor the Bureau are bound in any way by the state court's direction that the state and federal sentences run concurrently."); PS 5160.05, Page 6 ("there is no obligation under Barden for the Bureau to grant the request by designating a state institution retroactively as the place to serve the federal sentence.").

### (b) The BOP did not abuse its discretion in declining to grant Petitioner a retroactive concurrent designation

The BOP determined that Petitioner is not eligible for a retroactive designation because his state sentences were imposed prior to his federal sentence and the district court did not order that his federal sentence was to be served concurrent to any state sentence. (Resp's Ex. 1, Bell Decl., ¶ 13). The BOP is charged with carrying out the sentence that the district court imposed, not the sentence the state court imposed. Therefore, the BOP is not obligated to calculate Petitioner's federal sentence as concurrent with his state sentence, Barden, 921 F.2d at 480-84, and its decision was not an abuse of its discretion. It was in accordance with the federal sentencing statutes and applicable agency policy, PS 5160.05, Pages 5-7, and there is no basis for this Court to disturb it. See Barden, 921 F.2d at 484. See also George, 463

9

F.App'x at 140 (finding that the BOP did not abuse its discretion in denying a retroactive concurrent, or nunc pro tunc, designation and noting that "the BOP followed the guidelines we established in Barden …; moreover, the federal sentencing court was (and remains) silent on whether the federal sentence was to be consecutive or concurrent, in light of the default presumption of consecutive sentences, see 18 U.S.C. § 3584(a)."); Crawford v. Longley, 561 F.App'x 128, 130 (3d Cir. 2014) (the petitioner's "argument that the BOP should have granted the nunc pro tunc designation to fulfill the wishes of the state court judge that his state sentence be concurrent to his federal sentence is meritless, as 'neither the federal courts not the [BOP] are bound in any way be the state court's direction that the state and federal sentences run concurrently.' Barden, 921 F.2d at 478 n.4 (citing U.S.Const.art.VI, cl. 2).").

### 2. Calculation of the date upon which a federal sentence commences

18 U.S.C. § 3585(a) governs the date a federal sentence commences. It provides:

(a) Commencement of sentence. – A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

18 U.S.C. § 3585(a).

The BOP, and not the federal sentencing court, determines the date upon which a federal sentence commences. See, e.g., Ruggiano, 307 F.3d at 126. The BOP will not commence a sentence earlier than the date it is imposed, even if made concurrent with a sentence already being served. PS 5880.28, Chapt. 1, Page 13 ("In no case can a federal sentence of imprisonment commence earlier than the date on which it is imposed."). See, e.g., Rashid v. Quintana, 372 F.App'x 260, 262 (3d Cir. 2010) (per curiam) ("a federal sentence cannot begin to run earlier than on the date on which it is imposed.") (citing Unites States v. Labeille-Soto, 163 F.3d 93, 98 (2d Cir. 1998), which stated: "We see nothing in [§ 3585(a)] to indicate that the court is permitted to order that the sentence be deemed to have

10

commenced on an earlier date. Indeed, the determination of the precise date on which a sentence begins appears to have been intended to be a ministerial decision that depends on the timing of the defendant's arrival at the appropriate place with respect to the sentence that is to be served, and we have held that after a defendant is sentenced, it falls to the BOP, not the district judge, to determine when a sentence is deemed to commence[.]" (internal quotations and brackets omitted)).

When an inmate is only facing service of a federal sentence, the application of § 3585(a) is straightforward. The BOP will designate the inmate to a federal detention facility and it will calculate the federal sentence to have commenced on the date it was imposed. PS 5880.28, Chapt. 1, Page 12. Oftentimes, however, as in the instant case, an inmate is subject to multiple sentences, *e.g.*, at the time his federal sentence is imposed he is or will soon be subject to a state sentence. In that case, the federal and state governments must resolve where and/or in what order the inmate will serve his multiple sentences. As discussed above, at common law the "primary custody" doctrine developed to assist the sovereigns in making these determinations and to provide an orderly method by which to prosecute and incarcerate an individual that violated the law of more than one sovereign. Once again, the primary custody doctrine provides that the sovereign that first arrests an individual has primary custody over him. That sovereign's claim over the individual has priority over all other sovereigns that subsequently arrest him. The sovereign with primary custody is entitled to have the individual serve a sentence it imposes before he serves a sentence imposed by any other jurisdiction. See, e.g., Bowman, 672 F.2d at 1153-54. Primary custody remains vested in the sovereign that first arrests the individual until it relinquishes its priority by, *e.g.*, granting bail, dismissing the charges, releasing the individual to parole or at the expiration of his sentence. See, e.g., George, 463 F.App'x at 138 n.4

The BOP has incorporated the common law primary custody doctrine into its policies, which provide:

11

1. If the federal government has primary custody of an inmate on the date his federal sentence is imposed, it is entitled to have that inmate serve his federal sentence upon imposition. In such a case, the BOP will designate the inmate to a federal detention facility for service of the federal sentence and will calculate that sentence to have commenced on the date the federal sentencing court imposed it, even if at that same time the inmate is serving a concurrent state sentence. PS 5880.28, Chapt. 1, Pages 12-13.

2. If the inmate is in the primary custody of the state and the federal sentencing court orders that he serve his federal sentence *concurrently* with any state sentence, the BOP will return physical custody of the inmate to the state, designate the state facility as the initial place of service of the federal sentence pursuant to its authority under 18 U.S.C. § 3621(b), and calculate his federal sentence to have commenced on the date the federal court imposed it. PS 5880.28, Chapt. 1, Page 13, 32A-33; PS 5160.05, Pages 2-12.

3. If an inmate is in the primary custody of the state when his federal sentence is imposed and if his federal sentence is *consecutive to* any state sentence, the inmate will be returned to the state after federal sentencing. The BOP will commence the inmate's federal sentence under § 3585(a) when the state relinquishes its priority and releases him to federal custody. PS 5880.28, Chapt. 1, Pages 12-13, 31-33; see also PS 5160.05, Pages 2-12.

The third scenario is what has occurred in Petitioner's case. He was in the primary custody of the State of New Mexico on the date his federal sentence was imposed. Because his federal sentence is consecutive to his state sentence, the BOP has calculated his federal sentence to have commenced under § 3585(a) on February 18, 2011, the date the state released him on parole to the federal detainer. (Resp's Ex. 1, Bell Decl., ¶¶ 10, 11). There is no basis for the Court to disturb the BOP's determination. The policies it applied to Petitioner are a permissible construction of § 3585(a).

### 3. Calculation of prior custody credit under § 3585(b)

Section 3585(b) governs the amount of credit an inmate is entitled to receive for time served in official detention prior to the commencement of his federal sentence. It provides:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences –
>
> (1) as a result of the offense for which the sentence was imposed; or

(2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

**That has not been credited against another sentence.**

(Emphasis added).

The intent of the last clause of § 3585(b) is to prohibit double sentencing credit situations. Wilson, 503 U.S. at 337 (explaining that with the enactment of § 3585(b), "Congress made it clear that a defendant could not receive a double credit for his detention time."). The BOP may not grant prior custody credit under § 3585(b) for time that has been credited against another sentence. See, e.g., Vega v. United States, 493 F.3d 310, 314 (3d Cir. 2007).

The BOP has determined that Petitioner is not entitled to any prior custody credit under § 3585(b) because all of the time he spent in official detention during the relevant time period was credited against his state sentences. (Resp's Ex. 1, Bell Decl., ¶ 15). See also ECF No. 8, Answer at 15-16. There is no basis for this Court to disturb the BOP's decision. It cannot give him any sentencing credit under § 3585(b) because all of that time at issue was credited against his state sentence. See, e.g., Vega, 493 F.3d at 314 (the BOP did not err when it disallowed credit under § 3585(b) because the time at issue had been credited against the petitioner's state sentence).

## III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that the petition for a writ of habeas corpus be denied.[2]

---

[2] Section 102 of the Antiterrorism and Effective Death Penalty Act (28 U.S.C. § 2253 (as amended)) codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. Federal prisoner appeals from the denial of a § 2241 habeas corpus proceeding are not governed by the certificate of appealability requirement. United States v. Cepero, 224 F.3d 256, 264-65 (3d Cir. 2000); 28 U.S.C. § 2253(c)(1)(B).

13

Pursuant to the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules, the parties must seek review by the district court by filing objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Failure to do so will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n.7 (3d Cir. 2011).

Dated: June 21, 2016

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

cc: The Honorable Barbara Rothstein
United States District Judge